# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOTUMKESAR SREY NUON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GUERILLA MARKETING GREAT ) <br> LEADS, INC., *et al*., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01520-LRH-CWH <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Service on Wayne Craig by Publication and Extension of Time to Serve (#7), filed December 21, 2012.

Plaintiff's previous motion for service by publication (#5) was granted in part and denied in part. *See* Order (#6). Alternative means of service was approved as to Defendant Guerilla Marketing but denied as to Defendant Wayne Craig. Specifically, the Court found that the affidavit of service submitted in support of Plaintiff's request to serve Defendant Craig by publication was insufficient. Before it would consider service by publication, the Court indicated that it would "require a more detailed affidavit that, at minimum, provides specific details regarding each attempt at service" and "require counsel to identify whether other reasonable means of locating and serving the defendant are available." *See* Order (#6) at 3:8-10.

As noted previously, Federal Rule of Civil Procedure 4(e)(1) provides for service upon an individual by "following state law for serving a summons in an action brought . . . in the state

where the district court is located or where service is made."[1] Under Nevada law, service by publication is appropriate "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons . . . ." *See* NRCP 4(e)(1). A party requesting service by publication must first demonstrate, by affidavit, due diligence in attempting to personally serve the individual on whom service is to be made. *Id*. In interpreting NRCP 4(e)(1), the Nevada Supreme Court has stated that "there is no objective, formulaic standard for determining what is, or is not, due diligence." *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d 746, 749 (1999). "The due diligence is not quantifiable by reference to the number of service attempts . . . . [i]nstead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id*. Whether service by publication is appropriate is determined on a case-by-case basis. *Id*. (citation omitted).[2]

The undersigned has reviewed Plaintiff's renewed motion for service by publication on Defendant Craig. The affidavit provides more detail regarding the three-week period during which attempts at service were made. However, Plaintiff has not provided any information regarding whether other reasonable means of locating and serving the defendant are available and, if so, were attempted. This was an express requirement of the Court's prior order and service by publication on Defendant Craig will not be considered until it is complied with. Plaintiff's request for an extension of time to serve is also denied as it is not supported by any points or authorities. *See* Local Rule ("LR") 7-2(d) ("The failure of a moving party to file points and authorities in support of

---

[1] Rule 4(e) also permits (1) personal service upon the individual, (2) leaving a copy of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of the summons to an authorized agent. *See* Fed. R. Civ. P. 4(e)(2).

[2] *See Browning v. Dixon*, 114 Nev. 213, 954 P.2d 741 (1998) (holding that the plaintiff failed to exercise due diligence by ignoring "other reasonable means" of locating the defendant such as the defendant's known employer and insurer–although addressing due diligence under NRS 14.070(2) the analysis is applicable in the NRCP 4(e)(1) context (*see Abreu*, 985 P.2d at 749)); *Gassett v. Snappy Car Rental*, 111 Nev. 1416, 906 P.2d 258 (1995) (holding that the plaintiff failed to exercise due diligence, partly because it made no attempt to locate the defendant through her known attorney); *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785 (1990) (holding that although the plaintiff technically complied with the rule, she ignored other reasonable means of locating and serving the defendant).

the motion shall constitute a consent to the denial of the motion.").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service on Wayne Craig by Publication and Extension of Time to Serve (#7) is **denied without prejudice**.

DATED this 10th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**